John R. Enright Director, Colorado Bureau of Investigation Department of Local Affairs 2002 South Colorado Blvd. Denver, CO 80222
Dear Mr. Enright:
I am writing in response to the request of your office for a formal legal opinion concerning the authority of the Colorado Bureau of Investigation (CBI) to disclose criminal justice records to the United States Office of Personnel Management (OPM). It is my understanding that your request for advice was prompted by the Federal Bureau of Investigation's (FBI) modernization of its record keeping system. As a result of the FBI's reorganization of records, that agency will maintain only basic identifying information, including fingerprints, of individuals, but will not collect arrest and criminal activities records routinely maintained by state and local law enforcement authorities unless the FBI is pursuing its own investigation. Therefore, OPM must look to state and local law enforcement authorities as opposed to the FBI, when conducting an investigation to determine the fitness of an applicant for federal employment, or to insure that retention of a federal employee is consistent with national security interests.
QUESTION PRESENTED AND CONCLUSION
Is the United States Office of Personnel Management a "criminal justice agency" as defined at C.R.S. 1973, 24-72-302(3), for the purpose of the Colorado Bureau of Investigation's release of arrest and criminal activities information pursuant to the Criminal Justice Records Act?
 CBI has authority to release arrest and criminal records information to OPM pursuant to C.R.S. 1973, 24-72-308, since OPM may be considered a criminal justice agency as defined at C.R.S. 1973, 24-72-302(3).
ANALYSIS
The Criminal Justice Records Act provides for limited access to and release of arrest and criminal record information when a person has been acquitted, criminal charges have been dismissed, or a petition to limit release has been granted by a court. C.R.S. 1973, 24-72-308(1) states that:
 (a) Effective thirty days after an order of acquittal or dismissal is entered, unless the defendant requests in writing that the record remain open, the arrest and criminal records information contained in records of an official action in which the defendant is acquitted or in which charges are dismissed shall automatically be limited to access only by the person in interest, by his criminal defense attorney, or by a criminal justice agency of this state or to a similar agency of the United States government
or of any of the states of the United States of America. . . .
. . . .
 (2) Petition to limit release of records.
(a) Any person in interest may petition the court in which the arrest and criminal records information pertaining to him is located for the limiting of release of all or any part of said record, except basic identification information. . . .
. . . .
 (e) If the district attorney does not file a response objecting to the petition for the limiting of release of said records within thirty days after the receipt of the petition by the clerk of the court, the court shall grant the petition and order that the record shall only be released to the person in interest or to a criminal justice agency of this state or to a similar agency of the United States government or any of the states of the United States of America. . . .
(emphasis added). In the event that the district attorney timely files a response objecting to the petition for limiting release of said records, and at a subsequent hearing on the matter the court grants the petition:
 The court shall order that the record shall only be released to the person in interest or to a criminal justice agency of this state or to a similar agency of the United States government or any of the states of the United States of America. . . .
C.R.S. 1973, 24-72-308(2)(g) (emphasis added). The above statute authorizes the Colorado Bureau of Investigation to release arrest and criminal records information to another criminal justice agency of this state or to a similar federal agency, even though the information might not otherwise be subject to disclosure. The question then is whether the United States Office of Personnel Management constitutes a criminal justice agency defined as follows in the Criminal Justice Records Act:
 "Criminal justice agency" means any court with criminal jurisdiction and any agency of the state or of any county, city and county, home rule city and county, home rule city or county, city, town, territorial charter city, governing boards of institutions of higher education, school district, special district, judicial district, or law enforcement authority which performs any activity directly relating to the detection or investigation of crime; the apprehension, pretrial release, post trial release, prosecution, correctional supervision, rehabilitation, evaluation, or treatment of accused persons or criminal offenders; or criminal identification activities or the collection, storage, or dissemination of arrest and criminal records information.
C.R.S. 1973, 24-72-302(3) (emphasis added).
By Executive Order No. 10450 issued on April 27, 1953 by President Eisenhower, as amended, and concerning security requirements for government employees, the appointment and retention of a federal employee is subject to investigation, the scope of which depends upon the nature of the position. Section 3(a) of that order provides that ". . . in no event shall the investigation include less than a national agency check (including a check of the fingerprint files of the Federal Bureau of Investigation), and written inquiries to appropriate local law-enforcement agencies, . . . ." This order at section 8(b) also states that "the investigation . . . shall primarily be the responsibility of the Office of Personnel Management, . . ." OPM has a further duty under this order to keep certain records. Section 9(a) states: "There shall be established and maintained in the Office of Personnel Management a security-investigations index covering all persons as to whom security investigations have been conducted by any department or agency of the Government under this order . . . ."
In order to fulfill its duty to investigate and screen federal applicants and employees for security purposes, OPM must seek and collect arrest and criminal records information. By the nature of its duties mandated in the executive order, OPM is a federal agency which collects, stores, and/or disseminates arrest and criminal records information. In this sense, OPM is similar to criminal justice agency as defined in C.R.S. 1973, 24-72-302(3).
While there is no Colorado case law which interprets "criminal justice agency" as defined in the Criminal Justice Records Act, consideration of OPM as a "similar agency" is consistent with the scope of the definition. Entities which may be deemed to be a criminal justice agency under this act include governing boards of institutions of higher education, school districts and special districts. It is clear that the primary duties of those entities do not involve criminal law enforcement activities; yet those state, county or local bodies are entitled under the act to arrest and criminal records information if their activity directly relates to an area listed in the definition.
OPM is authorized to conduct background and security investigation of persons appointed or retained in federal positions. OPM's function requires access to criminal records information. Thus, OPM may collect, store and/or disseminate data related to crime and criminal investigations. Even though the primary purpose of OPM may not be the enforcement ofcriminal laws, its activity falls within the scope of the statutory definition and it qualifies as a "criminal justice agency."
SUMMARY
By executive order, the United States Office of Personnel Management has a duty to conduct background investigations of persons appointed to positions within the federal government. The investigation must include a check of Federal Bureau of Investigation files on fingerprints and inquiries to local law enforcement agencies. While the scope of OPM's investigation may depend upon the nature of the federal position, the purpose of the investigation is to determine whether an individual may not be eligible for certain federal positions as a result of prior criminal activity. In order to fulfill its investigative duties, OPM must seek, collect and store arrest and criminal records information. Because OPM is a federal agency which collects, stores, and/or disseminates this data, it is similar to a criminal justice agency as defined in C.R.S. 1973, 24-72-302(3). Therefore, the automatic limited access and the limited release provided for by C.R.S. 1973, 24-72-308(1) and (2) do not restrict the Colorado Bureau of Investigation's release of arrest and criminal records information to OPM.
Please note that this opinion does not address the release of information which has been "sealed" pursuant to C.R.S. 1973,24-72-308(3). If you have additional questions relating to this matter, please do not hesitate to contact me.
Very truly yours,
 DUANE WOODARD Attorney General
RECORDS AND TAPES ARREST INVESTIGATION, BUREAU OF INVESTIGATIONS UNITED STATES
C.R.S. 1973, 24-72-302(3) C.R.S. 1973, 24-72-308(1) and (2)
AFFAIRS, LOCAL, DEPT. OF Colo. Bureau Investigation
The Colorado Bureau of Investigation has authority to release arrest and criminal records information to the United States Office of Personnel Management (OPM) pursuant to C.R.S. 1973,24-72-308(1) and (2), since OPM may be considered a criminal justice agency as defined at C.R.S. 1973, 24-72-302(3).